UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILIVALDO HUERTA, | No. 2:19-cv-0358 DB P |
| Petitioner, | |
| v. | ORDER |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA IN THE COUNTY OF PLACER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff alleges he is serving an erroneous sentence. Presently before the court is petitioner's petition for screening. (ECF No. 1.) For the reasons set forth below the court will dismiss the petition with leave to amend.

**BACKGROUND**

Petitioner filed the instant petition on November 11, 2018.[1] (ECF No. 1.) Petitioner initially filed his petition in the Ninth Circuit Court of appeals and it was transferred to this court on February 28, 2019. (ECF No. 2.) Petitioner seeks to challenge his May 22, 2015 conviction

---

[1] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

1

and sentence for violations of California Health & Safety Code §§ 11379(a) and 11370.4(b). (ECF No. 1 at 1.)

Petitioner alleges that he requested information regarding his release date from a jail official. (Id. at 2.) Petitioner alleges that after requesting his release date he realized that he was improperly sentenced. He states that he pled guilty and was sentenced to ten years on one count and three years on a second count. He alleges that he should be serving the sentences concurrently, rather than serving consecutive sentences at half-time, because he does not have a prior strike offense. (Id. at 3.)

**SCREENING**

**I.     Legal Standards**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro

se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement."). Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James, 24 F.3d at 26.

## II.  Federal Habeas Corpus Relief Does Not Lie for Errors of State Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 9, 24 (2002) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)). Section 2241(c) provides that habeas corpus shall not extent to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011).

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (citation omitted). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that such an alleged state sentencing error was "'so arbitrary or capricious as to constitute an independent due process'" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Moore v. Chrones, 687 F.Supp.2d 1005, 1041 (C.D. Cal. 2010) (claim of state sentencing error not cognizable unless error so arbitrary and capricious as to rise to level of due process violation (citing Richmond, 506 U.S. at 50)).

### III. Analysis

Petitioner alleges that his sentence has been improperly calculated and he is serving an illegal sentence. However, a mere error by a state court in the interpretation or application of its own state's sentencing laws, without more, is not a cognizable ground for relief in a federal habeas corpus proceeding. See, e.g., Lewis, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 193) (rejecting federal habeas claim that sentencing court erred when it failed to "merge" multiple conviction under state law because "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing," and Petitioner's claim was "exclusively concerned with

state law and therefore [was] not cognizable in a federal habeas corpus proceeding" (bracketed material added)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review).

In limited circumstances, a sentencing error may provide a basis for habeas relief if it is "so arbitrary or capricious as to constitute an independent due process" violation. Richmond, 506 U.S. at 50 (citing Lewis, 497 U.S. at 780); see also Christian, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") However, a habeas petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." Landgord v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).

Petitioner has alleged only one ground for relief, that he was improperly sentenced under state law. However, alleged errors of state law are not cognizable in a federal habeas corpus proceeding. Accordingly, the court will dismiss the petition. However, petitioner may file an amended petition that attempts to challenge a decision that is "contrary to, or involved an unreasonable application of, clearly established federal law[.]" 28 U.S.C. § 2254(d)(1).

**REQUEST FOR COUNSEL**

Included in the petition was a request for the appointment of counsel. (ECF No. 1 at 4, 6.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, the court will deny petitioner's request for counsel without prejudice.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's request for counsel (ECF No. 1) is denied without prejudice.

2. Petitioner's petition (ECF No. 1) is dismissed with leave to amend.

5

3. Within thirty days of the date of service of this order, petitioner shall file an amended petition. The amended petition shall include the case number assigned to this action and shall be titled "First Amended Petition." Petitioner is warned that the court cannot refer to his prior petition to make his First Amended Petition complete. Petitioner must include all claims for habeas corpus relief in his first amended petition.
4. The Clerk of the Court is directed to send petitioner a copy of the form used in this district for pursuing a writ of habeas corpus under 28 U.S.C. § 2254.
5. Petitioner is warned that his failure to comply with this order may result in dismissal of this action.

Dated: May 20, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/huer0358.scrn